IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-237-FL

| | | |
|---|---|---|
| LEWIS E. ALEXANDER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STORAGE PROPERTIES, INC., a NC | ) | |
| domestic corporation d/b/a Ample Storage | ) | |
| Seaside, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Memorandum and Recommendation (M&R) of United States Magistrate Judge James E. Gates regarding frivolity review of plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). (DE 4). Pro se plaintiff objected to the M&R, together with motions for criminal investigation and for ex parte hearing. (DE 6, 7). In this posture, the issues raised are ripe for ruling. For the reasons that follow, plaintiff's motions are denied, and plaintiff's claims survive frivolity review.

**STATEMENT OF FACTS**

Where plaintiff does not specifically object to the magistrate judge's recitation of the facts, and finding no clear error, the court adopts the M&R's statement of facts as summarized below.

Plaintiff is disabled with severe mobility issues due to orthopedic and other impairments. (Compl. ¶ 1). He began renting a storage unit from defendant in July 2016 and used it as a workshop and for storage. (Id. ¶ 4). He pulled the tiny home on wheels in which he lived into

1

the parking area in front of the storage unit each morning and removed it off defendant's property to a nearby cul-de-sac at night. (Id. ¶¶ 5, 6).

In March 2018, the garage-style door to the storage unit failed to lift properly. (Id. ¶ 13). After defendant found that initial repair efforts were unsuccessful, it ordered a replacement door, which was not in fact needed, and, pending its installation, had a hatch door cut out from the existing door. (Id. ¶¶ 13–22). The hatch door impeded plaintiff's access to and use of the storage unit due, at least in part, to his disability. (Id. ¶¶ 18, 23).

Defendant demanded that plaintiff move his property out of the first 12 feet of the storage unit to facilitate replacement of the door, but plaintiff refused. (Id. ¶ 24). Defendant then agreed to hire someone to move the property, but plaintiff refused to give defendant a date for the move because defendant did not provide him a plan for the move. (Id. ¶¶ 24, 25). He sought a plan, for among other reasons, to help ensure that his property, which included mahogany lumber and stained glass, would not be damaged in the move. (Id. ¶¶ 25, 27). In September 2018, defendant told plaintiff that he had to pick a date or be kicked out of the unit. (Id. ¶ 26). Plaintiff did not provide a date because defendant would not provide him in advance a plan for the move. (See id.). In October 2018, defendant informed plaintiff that it was terminating his rental agreement and that he had 30 days to remove his property from the storage unit. (Id. ¶ 28).

In the same month, plaintiff filed a claim in small claims court to stop defendant from terminating the agreement. (Id. ¶ 29). On October 24, 2018, the court awarded plaintiff $250.00 out of the approximate total of $2,700.00 in rent paid that he sought to recover but did not enjoin termination of the agreement. (Id.). Plaintiff appealed to an arbitrator, who awarded him a small

amount more, but the arbitrator also did not enjoin termination of the agreement. (Id. ¶ 30). In November 2018, defendant locked plaintiff out of its property. (Id. ¶¶ 8, 11).

On the day of the arbitrator's ruling, plaintiff filed a separate small claims action for recovery of property. (Id.). In December 2018, the court dismissed the case after plaintiff alleged that defendant's actions were in violation of federal law, including the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and N.C. Gen. Stat.§ 14-112.2, a criminal statute relating to exploitation of older and disabled adults. (Id. ¶ 34).

Plaintiff appealed to Brunswick County District Court. (Id.). At a hearing in that case on March 24, 2019, plaintiff again alleged that defendant had violated the ADA and N.C. Gen. Stat.§ 14-112.2. (Id.). The court ruled in defendant's favor. (Id. ¶ 35). It awarded defendant $4,000.00 in back rent, as well as attorney's fees, and provided for plaintiff's property in the storage unit to be sold at auction. (Id.). Plaintiff opines that the court did not possess jurisdiction to make that ruling and that the proper venue for the proceedings was Brunswick County Superior Court, pursuant to the North Carolina Persons with Disabilities Protection Act, N.C. Gen. Stat.§ 168A-1 et seq. (Id. ¶ 36). Around June 1, 2019, plaintiff filed a complaint with the North Carolina Judicial Review Board complaining of the district court's action, but the Board rejected the complaint. (Id.).

Plaintiff asserts claims against defendant for constructive fraud; violations of the ADA, including multiple acts of retaliation and coercion; and violations of N.C. Gen. Stat. § 14-112.2. (Id. at 2, 14–15). He seeks monetary relief in the amount of $75 million for constructive fraud and $75 million for the acts of coercion and retaliation. (Id. at 15). He also requests return of the property he stored in the unit and adjacent the parking space, as well as an order for defendant to

repair damage to the unit. (Id. at 15). In addition, he seeks a $5 million bond from defendant payable to him to assure that defendant performs as ordered by the court. (Id.).

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

B.  Analysis

   1.  Plaintiff's Motions

Plaintiff moves for an order from the court mandating a criminal investigation into defendant's conduct. "[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." United States v. Nixon, 418 U.S. 683, 693 (1974) (internal citations omitted); see also United States v. Claridy, 601 F.3d 276, 281 (4th Cir. 2010) ("Criminal

4

investigations are not 'proceedings' in United States courts or state courts, subject to court rules, but rather a function of the law enforcement officers in the Executive Branch."). As plaintiff articulates no cognizable legal basis for this court to compel exercise of the government's executive power, plaintiff's motion is denied.

Plaintiff also moves that the court require the magistrate judge to appear before the court in an ex parte hearing to explain why plaintiff's complaint is frivolous. The magistrate judge's reasoning is clearly articulated in the M&R. Accordingly, plaintiff's motion for ex parte hearing is denied. In addition, plaintiff moves that the court deny any motion to dismiss by defendant. As defendant has not been served in this case, and defendant has not yet filed a motion to dismiss, plaintiff's motion is not ripe.

2. Rooker-Feldman

For judicial review of questions arising under federal law, "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." 28 U.S.C. § 1257(a). Interpreting its grant of appellate jurisdiction under § 1257, the United States Supreme Court has explained that district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); see Rooker v. Fid. Tr. Co., 263 U.S. 413, 415–16 (1923). In Feldman, the Court further explained that claims that were "inextricably intertwined" with a state court's decision were not subject to review in federal district court. 460 U.S. at 482 n. 16.

Construing Feldman's language, the United States Court of Appeals for the Fourth Circuit previously held that a claim is "inextricably intertwined" with a state court decision if "'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" Shooting Point, LLC v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004) (quoting Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)). However, the Supreme Court has since clarified that the Rooker-Feldman doctrine applies in the narrow set of cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005). "In other words, the doctrine simply precludes federal district courts from exercising what would be, in substance, appellate jurisdiction over final state-court judgments." Hulsey v. Cisa, 947 F.3d 246, 250 (4th Cir. 2020) (citing Thana v. Bd. of License Commissioners for Charles Cty., Maryland, 827 F.3d 314, 320 (4th Cir. 2016)).

In the instant case, plaintiff alleged in North Carolina district court that defendant had violated the ADA and N.C. Gen. Stat.§ 14-112.2. (Compl. ¶ 34). The court ruled in defendant's favor. (Id. ¶ 35). It awarded defendant $4,000.00 in back rent, as well as attorney's fees, and order plaintiff's property in the storage unit be sold at auction. (Id.). Plaintiff alleges in this court that the North Carolina district court did not possess jurisdiction to make that ruling and that the proper venue for the proceedings was Brunswick County Superior Court. (Id. ¶ 36). In the instant action, plaintiff also claims violation of the ADA and N.C. Gen. Stat.§ 14-112.2. (Id. at 2, 14–15). Furthermore, he asks this court to reverse the rulings in the state court proceedings by awarding $75 million, ordering defendant to recover the property sold at auction by order of the

6

North Carolina district court, and ordering defendant to repair the door to his former storage unit. (Id. at 15).

The allegations in the complaint do not indicate that a final judgment has been reached in the state court proceeding. See Hulsey, 947 F.3d at 251 (finding state court's interlocutory discovery orders insufficient to constitute "final state-court judgments"). Accordingly, the court cannot conclude at this juncture that plaintiff's complaint must be dismissed under Rooker-Feldman.[1]

3. Younger Abstention

The Younger doctrine requires federal courts to abstain from interfering with pending state court proceedings. Younger v. Harris, 401 U.S. 37 (1971). Younger abstention is appropriate where there is "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal [] claim advanced in the federal lawsuit." Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003).

Just as the court is unable to determine whether a final judgment has been reached in state court, the court is unable to determine if plaintiff's state court proceeding is ongoing. Therefore, the court cannot determine on the record before it if abstention is appropriate. In this instance, the court will allow plaintiff's claims to proceed in order to ascertain defendant's position regarding the status of the alleged state court proceedings.

---

[1] For the same reasons, res judicata and collateral estoppel are not clearly meritorious affirmative defenses on the face of plaintiff's complaint. See Duckett v. Fuller, 819 F.3d 740, 744 (4th Cir. 2016) (explaining res judicata requires a final judgment on the merits); Ramsay v. U.S.I.N.S., 14 F.3d 206, 210 (4th Cir. 1994) (same for collateral estoppel); see also Fed. R. Civ. P. 8(c); Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011) (noting that motions to dismiss for failure to state a claim generally do not permit inquiry into the merits of affirmative defenses, unless clear on the face of plaintiff's complaint).

## CONCLUSION

Based on the foregoing, plaintiffs' motions for criminal investigation (DE 6) and for ex parte hearing (DE 7) are DENIED. Where plaintiff's claims survive frivolity review under 28 U.S.C. § 1915(e)(2)(B), the clerk is DIRECTED to serve plaintiff's complaint by US Marshal in accordance with Rule 4(c)(3).

SO ORDERED, this the 8th day of April, 2020.

LOUISE W. FLANAGAN
United States District Judge