IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-237-FL

| | | |
|---|---|---|
| LEWIS E. ALEXANDER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STORAGE PROPERTIES, INC., a NC domestic corporation d/b/a Ample Storage Seaside, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (DE 14). This matter is also before the court on defendant's motion to quash plaintiff's subpoena duces tecum. (DE 19). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons that follow, defendant's motions are granted.

### STATEMENT OF THE CASE

Plaintiff, proceeding pro se, commenced this action in forma pauperis on December 3, 2019, alleging claims against defendant, a domestic corporation, under Title III of the Americans with Disabilities Act of 1990, as amended, ("ADA"), as well as other claims under North Carolina law. The court allowed plaintiff's motion to proceed in forma pauperis and held plaintiff's complaint sufficient to survive frivolity review. On May 27, 2020, defendant filed its motion to dismiss plaintiff's complaint in its entirety. Plaintiff responded in opposition on June 5, 2020,

attaching with the response a subpoena duces tecum. A few weeks later, defendant filed its motion to quash plaintiff's subpoena. Plaintiff also responded in opposition to defendant's motion to quash.

## STATEMENT OF FACTS

Plaintiff is disabled with severe mobility issues due to orthopedic and other impairments. (Compl. ¶ 1). He began renting a storage unit from defendant in July 2016 and used it as a workshop and for storage. (Id. ¶ 4; Storage Unit Rental Agreement (DE 15-1) at 1–4).[1] He pulled the tiny home on wheels in which he lived into the parking area in front of the storage unit each morning and removed it off defendant's property to a nearby cul-de-sac at night. (Compl. ¶¶ 5, 6; Parking Space Rental Agreement (DE 15-2) at 1–4).

In March 2018, the garage-style door to the storage unit failed to lift properly. (Compl. ¶ 13). After defendant found that initial repair efforts were unsuccessful, it ordered a replacement door, which was not in fact needed, and, pending its installation, had a hatch door cut out from the existing door. (Id. ¶¶ 13–22). The hatch door impeded plaintiff's access to and use of the storage unit due, at least in part, to his disability. (Id. ¶¶ 18, 23).

Defendant demanded that plaintiff move his property out of the first 12 feet of the storage unit to facilitate replacement of the door, but plaintiff refused. (Id. ¶ 24). Defendant then agreed to hire someone to move the property, but plaintiff refused to give defendant a date for the move because defendant did not provide him a plan for the move. (Id. ¶¶ 24, 25). He sought a plan, for

---

[1] The court considers documents attached to the motion to dismiss where such documents are integral to the complaint and authentic. See Sec'y of State For Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007).

among other reasons, to help ensure that his property, which included mahogany lumber and stained glass, would not be damaged in the move. (Id. ¶¶ 25, 27). In September 2018, defendant told plaintiff that he had to pick a date or be kicked out of the unit. (Id. ¶ 26). Plaintiff did not provide a date because defendant would not provide him in advance a plan for the move. (See id.). In October 2018, defendant informed plaintiff that it was terminating his rental agreement and that he had 30 days to remove his property from the storage unit. (Id. ¶ 28).

In the same month, plaintiff filed a claim in small claims court to stop defendant from terminating the agreement. (Id. ¶ 29). On October 24, 2018, the court awarded plaintiff $250.00 out of the approximate total of $2,700.00 in rent paid that he sought to recover but did not enjoin termination of the agreement. (Id.). Plaintiff appealed to an arbitrator, who awarded him a small amount more, but the arbitrator also did not enjoin termination of the agreement. (Id. ¶ 30). In November 2018, defendant locked plaintiff out of its property. (Id. ¶¶ 8, 11).

On the day of the arbitrator's ruling, plaintiff filed a separate small claims action for recovery of property. (Id.). In December 2018, the court dismissed the case after plaintiff alleged that defendant's actions were in violation of federal law, including the ADA, and N.C. Gen. Stat.§ 14-112.2, a criminal statute relating to exploitation of older and disabled adults. (Id. ¶ 34).

Plaintiff appealed to Brunswick County District Court. (Id.). At a hearing in that case on March 24, 2019, plaintiff again alleged that defendant had violated the ADA and N.C. Gen. Stat.§ 14-112.2. (Id.). The court ruled in defendant's favor. (Id. ¶ 35; Amended State Court Judgment (DE 15-4) at 1–2). It awarded defendant $4,000.00 in back rent, as well as attorney's fees, and provided for plaintiff's property in the storage unit to be sold at auction. (Compl. ¶ 35).

Plaintiff opines that the court did not possess jurisdiction to make that ruling and that the proper venue for the proceedings was Brunswick County Superior Court, pursuant to the North Carolina Persons with Disabilities Protection Act, N.C. Gen. Stat.§ 168A-l et seq. (Id. ¶ 36). Around June 1, 2019, plaintiff filed a complaint with the North Carolina Judicial Review Board complaining of the district court's action, but the Board rejected the complaint. (Id.).

Plaintiff asserts claims against defendant for constructive fraud; violations of the ADA, including multiple acts of retaliation and coercion; and violations of N.C. Gen. Stat. § 14-112.2. (Id. at 2, 14–15). He seeks monetary relief in the amount of $75 million for constructive fraud and $75 million for the acts of coercion and retaliation. (Id. at 15). He also requests return of the property he stored in the unit and adjacent the parking space, as well as an order for defendant to repair damage to the unit. (Id. at 15). In addition, he seeks a $5 million bond from defendant payable to him to assure that defendant performs as ordered by the court. (Id.).

## COURT'S DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the

4

pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

  1.  ADA

Plaintiff's federal claims in this action are purported violations of Title III of the ADA and accompanying acts of retaliation because of plaintiff's disability. 28 C.F.R. §§ 36.211, 36.304, 36.402, 36.403; see 42 U.S.C. § 12186(b) (providing statutory authority for Title III implementing regulations). Title III provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

5

or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Further, the ADA prohibits retaliation against a disabled individual for assertion of his rights. See 42 U.S.C. § 12203. "To prevail under Title III of the ADA, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against him because of his disability." J.D. by Doherty v. Colonial Williamsburg Found., 925 F.3d 663, 669–70 (4th Cir. 2019). Title III "provides a private right of action for injunctive relief but no right of action for monetary relief." Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 638 (4th Cir. 2016); see 42 U.S.C. §§ 2000a-3, 12188(a), 12203(c). "Injunctive relief, however, 'is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.'" Thomas, 841 F.3d at 638 (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)).

Plaintiff is not entitled to relief under federal law for several reasons. First, plaintiff requests $75,000,000.00 "for the acts of coercion and retaliation." (Compl. at 15). As noted above, monetary relief is not available for plaintiff's Title III claims under the ADA. Second, plaintiff requests that the court order defendant return all property belonging to him and compel defendant to repair his "former unit." (Id.). Where the parties have no current contractual relationship any longer, the court cannot reasonably infer a real or immediate threat that defendant will wrong plaintiff again. (See id. ¶ 28 (alleging that defendant terminated plaintiff's lease)). Third, plaintiff fails to plausibly allege that defendant discriminated against him because of his disability. Defendant attempted to accommodate plaintiff by repairing and replacing the door to

6

his storage unit, but plaintiff refused to cooperate with defendant and make arrangements to move his belongings from the storage unit to facilitate the door replacement. (Id. ¶¶ 13–24). Furthermore, the temporary inconvenience caused by a metal strip at the base of the hatch door into the unit does not constitute a violation of Title III. (Id. ¶ 23); see 28 C.F.R. § 36.211(b). Fourth, plaintiff asserted his ADA claim in state court against defendant and lost. (See Compl. ¶¶ 34–36; Amended State Court Judgment (DE 15-4) at 1–2). Therefore, his ADA claim is barred by res judicata.[2] Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004). In sum, plaintiff's Title III claim fails as a matter of law, and therefore it is dismissed with prejudice.

2. State Law Claims

Where jurisdiction in this matter is based upon federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367, it is appropriate to consider whether continued exercise of jurisdiction over plaintiff's state law claims is warranted. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(b)(1), 12(h)(3)). "A district court may decline to exercise supplemental jurisdiction over a pendent state law claim if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

---

[2] "Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) (quoting Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011) ).

Where the court has dismissed all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. Plaintiff's state law claims are dismissed for lack of subject matter jurisdiction. Where no claims remain, defendant's motion to quash subpoena is granted.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 14) and motion to quash plaintiff's subpoena (DE 19) are GRANTED. Plaintiff's ADA claims are DISMISSED WITH PREJUDICE for the reasons discussed herein. Plaintiff's state law claims are dismissed for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of July, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge